# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2554
LT Case No. 2020-CA-4152

_____

BONNIE LEE MICKLER,

   Appellant,

   v.

REBECCA DILEY TRIPLETT and
LUCILLE A. HARNAGE,

   Appellees.

_____

On appeal from the Circuit Court for Duval County.
Robert M. Dees, Judge.

Kevin D. Franz, and Jennifer A. Karr, of Boyd & Jenerette, P.A.,
Boca Raton, for Appellant.

Aaron Sprague, and Dana Jacobs, and Fraz Ahmed, of Coker
Law, Jacksonville, for Appellee, Rebecca Diley Triplett.

No Appearance for Remaining Appellee.

November 15, 2024

HARRIS, J.

   Rebecca Triplett sued Bonnie Mickler in 2020 claiming
injuries arising out of a 2019 car accident. In defense, Mickler
argued in part that Triplett's alleged injuries predated the 2019

accident[1] and that she did not suffer any injuries as a result of this accident. In a joint pre-trial statement, the parties agreed that whether Mickler's negligence caused loss, injury or damage to Triplett was one of the issues that remained to be litigated.

During her case-in-chief, Triplett testified that she was sitting in stop-and-go traffic when she was hit from behind. She declined any treatment at the scene but several hours later, she visited a walk-in clinic, where she got x-rays and was prescribed anti-inflammatory medication and muscle relaxers. Weeks later, she began treatment with a chiropractor, which proved to be unsuccessful, and she was ultimately referred for surgery.

Following the trial, which included significant testimony from treatment providers and expert witnesses, Triplett moved for directed verdict on the issue of causation, arguing that there was no dispute that she was treated for a strained/sprained neck at the walk-in clinic on the day of the accident. Therefore, according to Triplett, Mickler's negligence was the legal cause of at least some damage to Triplett. The trial court agreed, granted the partial directed verdict, and removed the issue of causation from the jury instructions. The jury subsequently returned a verdict exceeding 1.6 million dollars. Following the denial of Mickler's motion for new trial, this appeal ensued.

The precise issue in this case was recently addressed by our sister court in *Lancheros v. Burke*, 375 So. 3d 927 (Fla. 6th DCA 2023). In *Lancheros*, on remarkably similar facts, the court reversed a directed verdict entered in plaintiff's favor on the issue of causation. The defense in that case contested causation, rebutted plaintiff's medical and other causation evidence, and presented evidence showing that plaintiff's injuries could have been caused by something other than the accident in question. We reach the same conclusion in this case as did the court in *Lancheros* and find Triplett's attempts to distinguish *Lancheros* to be wholly unpersuasive.

---

[1] Triplett had been injured in two previous serious car accidents, one in 2009 and the other in 2017.

Concluding that the trial court erred in granting a directed verdict in this case, we reverse and remand for a new trial.


REVERSED and REMANDED.


LAMBERT, and MACIVER, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————